Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
18 Laurel Road
New City, New York 10956
(845) 354-3212
Attorney for Unsecured Creditor
  Eileen Gannon

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------x<br>In re:<br><br>Syed Naqvi,<br><br>                                   Debtor.<br>-------------------------------------------------------x | Return Date: October 8, 2025<br>Return Time: 10:00 a.m.<br><br><br><br>Chapter 13<br>Case No. 25-22527 (CGM) |

## APPLICATION
## IN SUPPORT OF MOTION REQUESTING
## THE ENTRY OF AN ORDER LIFTING THE AUTOMATIC STAY
## REQUESTING A WAIVER OF THE FOURTEEN (14) DAY STAY AND
## REQUESTING AN EXTENSION OF DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT
## <u>PURSUANT TO 11 U.S.C. §§ 362(d)(1)(2), 523 AND FED. Rs. BANKR. P. 4001, 4007</u>

To the Honorable Cecelia G. Morris, United States Bankruptcy Judge:

Unsecured non-priority creditor Eileen Gannon ("Creditor" or "Ms. Gannon"), by the Law Office of Ronald V. De Caprio, submits this application in support of her motion requesting the entry of an order:

>(a) lifting the automatic stay to permit the continuation of a pre-petition action pending before the Supreme Court, State of New York, County of Rockland entitled <u>Eileen Gannon v. Syed Naqvi and J&X Tree Service and More, Inc.</u>, Index No. 031152/2024 ("State Court Action") pursuant to 11 U.S.C. §§ 362(d)(1)(2) and Fed. R. Bankr. P. 4001;

>(b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

(c) extending the deadline for Ms. Gannon to object to the dischargeability of the pre-petition debt due and owing from Debtor Syed Naqvi to Ms. Gannon to a date beyond the entry of final judgment in the State Court Action pursuant to 11 U.S.C. § 523(a)(6) and F. R. Bankr. P. 4007;

(d) together with such other and further relief as to this Court may seem just, proper and equitable.

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding in this jurisdiction is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief sought herein is found in 11 U.S.C. §§ 362(d)(1)(2) and 523(a)(6) and Fed. Rs. Bankr. P. 4001, 4007.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

# THE AUTOMATIC STAY
## SHOULD BE LIFTED TO PERMIT THE CONTINUATION
## OF THE PRE-BANKRUPTCY STATE COURT ACTION

5. On June 13, 2025 ("Filing Date"), individual Debtor Syed Naqvi ("Debtor" or "Mr. Naqvi") filed a voluntary petition for relief with the United States Bankruptcy Court, Southern District of New York, White Plains ("Bankruptcy Court") pursuant to Chapter 13, Title 11 of the United States Code (11 U.S.C. §101 et seq., the "Bankruptcy Code")(Exhibit A).

6. As of the Filing Date, Debtor was a named defendant in an action pending before the Supreme Court, State of New York, County of Rockland entitled <u>Eileen Gannon v. Syed Naqvi</u>, Index 031152/2024 ("State Court Action")(Exhibits D-F); that action being stayed by the Honorable David Fried, A.J.S.C. upon learning of Mr. Naqvi's bankruptcy filing (Exhibits K, L).

7. Ms. Gannon was disclosed as a pre-petition unsecured non-priority creditor in the schedules Debtor filed with the Bankruptcy Court (Exhibit B).

8. Debtor listed the amount of Ms. Gannon's claim as "unknown" (Exhibit B).

9. On August 22, 2025, Ms. Gannon filed a pre-petition unsecured non-priority claim against Debtor in the amount of no less than $450,000.00 ("Claim")(Exhibit C: Claim No. 32).[1]

10. Ms. Gannon's claim against Debtor arises from Debtor's pre-petition conduct relating and pertaining to the development of Debtor's real property located at 54 Eagle Valley Road, Sloatsburg, New York, County of Rockland (Exhibit D-F).

11. On July 22, 2023, and at various times thereafter, Debtor, acting through his agents and employees, entered onto Ms. Gannon's real property with chainsaws, logging trucks and other logging equipment, and removed no less than seventeen (17) trees including a red maple, a sugar maple and a scarlet oak (all together the "Trees")(Exhibit D, ¶6). This removal was performed without Ms. Gannon's consent and over her protests (Exhibit D, ¶7). Under New

---

[1] Supporting documents excluded.

York law, Debtor's conduct constitutes a willful and wanton trespass (Exhibit D, ¶7). The market value of Ms. Gannon's trees at the time of their removal by Debtor, his agents and employees, without permission from Ms. Gannon, was $138,600.00 (Exhibit D, ¶9). Under Section 861 of New York's Real Property Law, Ms. Gannon is entitled to treble damages from Debtor in the amount of no less than $415,800.00 (Exhibit D, ¶13).

12. On March 4, 2024, Ms. Gannon commenced the State Court Action (Exhibit E).

13. On May 20, 2024, Debtor commenced a third-party action under New York's Civil Practice Law and Rules against non-debtor J&X Tree Service and More, Inc. ("J&X) claiming the damage to Ms. Gannon's real property was caused by J&X without Debtor's authority, pursuant to which Debtor claimed $415,800.00 from J&X (Exhibit F). Debtor did not disclose this litigation asset in the schedules and statements Debtor filed with the Bankruptcy Court (Exhibits G and H).

14. On September 13, 2024, the Supreme Court of the State of New York amended the caption in the State Court Action to:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------x
EILEEN GANNON

         Plaintiff,

 - against –

SYED NAQVI, and J&X TREE SERVICE AND
MORE, INC.
         Defendants.
-----------------------------------------------------------------------x

Index No. 031152/2024

Exhibit I.

15. After September 13, 2024, the pre-petition action continued along an ordinary and garden variety course. All parties appeared. (Exhibit E). Comprehensive disclosure and discovery under the New York Civil Practice Law and Rules proceeded (Exhibit E). According to the docket of the pre-petition action, twenty-three (23) entries of discovery demands and responses were made (Exhibit E). On February 4, 2025, the State Court ordered that all disclosure and discovery be completed and a <u>note of issue</u> be filed by April 18, 2025 (Exhibit J). A note of issue under the New York Civil Practice Law and Rules is a document that indicates all disclosure and discovery is completed; it moves an action from the pre-trial disclosure and discovery phase to a pre-trial calendar.

16. A note of issue was not filed (Exhibit E).

17. On June 23, 2025, Debtor's Counsel in the State Court Action advised the Judge in the State Court Action that Debtor had filed a voluntary petition for relief before the Bankruptcy Court (Exhibit K).

18. On June 25, 2025, a Court Notice issued in the State Court Action that the entirety of the State Court Action was stayed, and that the Court was to be advised if the stay was lifted. (Exhibit L).

19. Ms. Gannon is requesting that the automatic stay be lifted to allow the State Court Action to continue through completion in the New York State forum.

20. The State Court Action was towards the end of its discovery stage when Debtor filed this bankruptcy case. J&X is a non-debtor unrelated to the Debtor; and while it is axiomatic that the automatic stay does not apply to J&X, the Judge in the State Court Action has stayed the entirety of the State Court Action because of the Debtor's bankruptcy filing (Exhibit L). Jurisdiction over J&X has been obtained in the New York State forum. J&X has appeared in the

State Court Action. The factual and legal issues in the State Court Action arise under applicable New York law. The State Court Action has to be resolved in order to be able to continue here in the bankruptcy forum.

21. Ms. Gannon submits the Bankruptcy Court should lift the automatic stay and allow Ms. Gannon to prosecute her pre-petition claim against Debtor to completion in the New York State forum.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

# THE COURT
# SHOULD EXTEND MS. GANNON'S DEADLINE TO OBJECT
# TO THE DISCHARGEABILITY OF THE PRE-PETITION OBLIGATION
# DUE AND OWING FROM DEBTOR TO MS. GANNON

22. Ms. Gannon further requests that Ms. Gannon's time to object to the dischargeability of the pre-petition debt due and owing from Debtor to Ms. Gannon be adjourned to a date that is beyond the completion of the State Court Action.

23. The judgment in the State Court Action will resolve the scope of Ms. Gannon's claim against the Debtor, and may or may not include findings that will or will not allow the Bankruptcy Court to determine whether the pre-petition obligation of the Debtor is or is not dischargeable.

24. Ms. Gannon submits that it is prudent to extend the deadline for Ms. Gannon to object to the dischargeability of the Debtor's pre-petition obligation until after determinations are made in the New York State forum. If Ms. Gannon is forced to commence a non-dischargeability adversary proceeding in the bankruptcy forum before the completion of the State Court Action, Ms. Gannon will be litigating in this forum without the full depth of a State Court record, duplicating efforts which may lead to inconsistent rulings because the State Court Action will have remained pending.

25. There is no prejudice to the Debtor if the deadline to object to the dischargeability of the debt is extended. While the Debtor has not disclosed the Third-Party Action against J&X, and the Debtor has not moved to lift the automatic stay to continue the prosecution of the Third-Party Action, which may resolve the dispute with Ms. Gannon, if Debtor prevails in the State Court Action, and it is J&X who is found liable for one hundred (100%) percent of the damages to Ms. Gannon, the question of the non-dischargeability of the pre-petition claim no longer

exists. Alternately, if the State Court Action resolves in a favorable apportionment of damages to Ms. Gannon as seen through the eyes of the Debtor, it is even possible Debtor may reach a compromise and settlement with Ms. Gannon that resolves the question of non-dischargeability in this forum.

26. Ms. Gannon submits these factors are sufficient cause to extend Ms. Gannon's time to object to the dischargeability of the debt to a time that is beyond the conclusion of the State Court Action.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

## CONCLUSION

30. The foregoing is submitted under penalty of perjury.

WHEREFORE, for all of the foregoing reasons, unsecured non-priority creditor Eileen Gannon ("Creditor" or "Ms. Gannon"), by her attorney, Law Office of Ronald V. De Caprio, by Ronald V. De Caprio, Esq., requests the entry of an order:

    (a) lifting the automatic stay to permit the continuation of a pre-petition action pending before the Supreme Court, State of New York, County of Rockland entitled <u>Eileen Gannon v. Syed Naqvi and J&X Tree Service and More, Inc.</u>, Index No. 031152/2024 ("State Court Action") pursuant to 11 U.S.C. §§ 362(d)(1)(2) and Fed. R. Bankr. P. 4001;

    (b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

    (c) extending the deadline for Ms. Gannon to object to the dischargeability of the pre-petition debt due and owing from Debtor Syed Naqvi to Ms. Gannon to a date beyond the entry of final judgment in the State Court Action;

    (d) together with such other and further relief as to this Court may seem just, proper and equitable.

Dated:     New City, New York
            September 15, 2025

                                    Yours, etc.

                                    Ronald V. De Caprio, Esq.
                                    Law Office of Ronald V. De Caprio
                                    Attorney for Unsecured Creditor
                                    Eileen Gannon

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re:

Syed Naqvi,

                       Debtor.  
-----------------------------------------------------------x

Return Date: October 8, 2025  
Return Time: 10:00 a.m.

Chapter 13  
Case No. 25-22527 (CGM)

## EXHIBIT LIST

| Exhibit | Description |
|---|---|
| A | Bankruptcy Docket, Chapter 13, Case No. 25-22527 (CGM) |
| B | Schedule E/F, Page 11 of 19 |
| C | Proof of Claim (without supporting documentation) |
| D | Amended Verified Complaint |
| E | Docket – <u>Eileen Gannon v. Syed Naqvi</u>, Index No. 031152/2024 |
| F | Third Party Complaint |
| G | Schedule B, All Pages |
| H | Statement of Financial Affairs |
| I | So Ordered Stipulation |
| J | So Ordered Discovery Order |
| K | Notice of Bankruptcy Case Filing |
| L | Court Notice |

**END OF DOCUMENT**