Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
18 Laurel Road
New City, New York 10956
(845) 354-3212
Attorney for Unsecured Creditor
  Eileen Gannon

UNITED STATES BANKRUPTCY COURT    Return Date: October 8, 2025
SOUTHERN DISTRICT OF NEW YORK    Return Time: 10:00 a.m.

-------------------------------------------------------x

In re:

Syed Naqvi,                                                   Chapter 13
                                                             Case No. 25-22527 (CGM)

                          Debtor.

-------------------------------------------------------x

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION
## REQUESTING THE ENTRY OF AN ORDER LIFTING THE AUTOMATIC STAY REQUESTING A WAIVER OF THE FOURTEEN (14) DAY STAY AND REQUESTING AN EXTENSION OF DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 362(d)(1)(2), 523 AND FED. Rs. BANKR. P. 4001, 4007

To the Honorable Cecelia G. Morris, United States Bankruptcy Judge:

Unsecured non-priority creditor Eileen Gannon ("Creditor" or "Ms. Gannon"), by the Law Office of Ronald V. De Caprio, submits this memorandum of law in support of her motion requesting the entry of an order:

>(a) lifting the automatic stay to permit the continuation of a pre-petition action pending before the Supreme Court, State of New York, County of Rockland entitled <u>Eileen Gannon v. Syed Naqvi and J&X Tree Service and More, Inc.</u>, Index No. 031152/2024 ("State Court Action") pursuant to 11 U.S.C. §§ 362(d)(1)(2) and Fed. R. Bankr. P. 4001;

>(b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

(c) extending the deadline for Ms. Gannon to object to the dischargeability of the pre-petition debt due and owing from Debtor Syed Naqvi to Ms. Gannon to a date beyond the entry of final judgment in the State Court Action pursuant to 11 U.S.C. § 523(a)(6) and F. R. Bankr. P. 4007;

(d) together with such other and further relief as to this Court may seem just, proper and equitable.

## PRELIMINARY STATEMENT

The factual averments upon which the instant motion is made are set forth in the accompanying application. For the sake of brevity, Ms. Gannon requests the factual averments made therein be treated as if set forth fully at length herein.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

# POINT I

# THE AUTOMATIC STAY
## SHOULD BE LIFTED TO PERMIT THE CONTINUATION
## OF THE STATE COURT ACTION

A. Legal Standard

The Bankruptcy Code contains provisions which, upon the filing of a bankruptcy petition, automatically stay certain efforts by creditors of a debtor's estate, and protects debtors from contemporaneous judicial proceedings. Section 362(a) of the Bankruptcy Code establishes an automatic stay of:

> (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; and
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. §§362(a)(1)(2)(3). It is well established that, by its terms, the automatic stay applies only to the property of the debtor or property of the estate. <u>Teachers Ins. & Annuity Ass'n v. Butler</u>, 803 F.2d 61, 65 (2d Cir.1986)("<u>Butler</u>"); <u>Manson v. Richard Friedberg & Oldstone Ventures, LLC</u>, 2013 U.S. Dist. LEXIS 83488 at *7 (S.D.N.Y. 2013)("<u>Manson</u>"); <u>In re McCormick</u>, 381 B.R. 594, 597 (Bankr. S.D.N.Y 2008)("<u>McCormick</u>"); <u>Gucci, America, Inc. v. Duty Free Apparel, Ltd</u>, 328 F.Supp.2d 439, 441 (S.D.N.Y. 2004)("<u>Gucci</u>"). Section 541(a)(1) of the Bankruptcy Code, describes the property of a bankruptcy estate as "all legal or equitable

3

interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); Manson, 2013 U.S. Dist. LEXIS 83488 at *7.

An application seeking to lift the automatic stay may be examined pursuant to Section 362(d)(1) of the Bankruptcy Code, which provides that the automatic stay may be terminated, annulled, modified, or conditioned for cause. 11 U.S.C. §362(d)(1)(West 2016); see In re Sonnax Industries, Inc., 907 F.2d 1280, 1285 (2d Cir. 1990)("Sonnax"). "Neither Section 362(d)(1) nor the legislative history defines 'cause.' " In re Touloumis, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994)("Touloumis"). " 'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." In re Brown, 311 B.R. 409, 412-413 (E.D. Pa. 2004)("Brown")(internal citations omitted).

Whether to lift the stay is in the bankruptcy court's discretion. Burger Boys, Inc. v. South St. Seaport Ltd. P'Ship, 183 B.R. 682, 687 (S.D.N.Y. 1994)(citing 11 U.S.C. § 362[g][1]) ("Burger Boys"). The legislative history of 362 reveals that Congress intended "that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum," as "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." H.R.Rep. No. 95–595, at 341 (1977), U.S.Code Cong. & Admin. News 1978, at 5963, 6297; S.Rep. No. 95–989, at 50 (1978), U.S.Code. Cong. & Admin. News 1978, at 5787, 5836. In re: Project Orange Associates, LLC, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010)("Project Orange").

4

In determining whether the stay should be modified or terminated for cause, courts in this Circuit and elsewhere either (1) analyze twelve factors enumerated by the Second Circuit in Sonnax; or (2) engage in fact-intensive inquiries which appear to be loosely based on the Sonnax factors, mainly attempting to maintain the prepetition *status quo ante* between the parties. Project Orange, 432 B.R. at 103; e.g. Burger Boys, 183 B.R. at 688, In re: Bison Res., Inc., 230 B.R. 611, 613 (Bankr. N.D. Okla. 1999)("Bison"); In re: Odd's-N'End's, Inc., 171 B.R. 10, 11 (Bankr. W.D.N.Y. 1994)("Odd's-N-End's"). Some courts utilize a hybrid approach, combining these two analyses. See Brown, 311 B.R. at 412-413 (Bankr. E.D. Pa. 2004)(stating that "[a] court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties" in applying the Sonnax factors)(internal citations omitted).

The Second Circuit has adopted twelve (12) factors for consideration in determining whether to grant relief from the automatic stay, including:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending the litigation;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;
5

R:\Clients\2025\3000\3000.319 - Gannon\362\362-MOL - 09-15-2025.doc

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms.

Sonnax Industries, Inc., 907 F.2d at 1287. A decision made based upon an examination of these twelve factors is within the discretion of the bankruptcy judge before whom the motion is brought. Id.

Alternately, the Court may terminate the automatic stay pursuant to 11 U.S.C. §362(d)(2). Section 362(d)(2) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay ----
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[]

11 U.S.C. §362(d)(2)(West 2016); In re: 473 West End Realty Corp., 507 B.R. 496, 503 (Bankr. S.D.N.Y. 2014)("West End").

### B. Rule Application – 11 U.S.C. §362(d)(1)

Ms. Gannon submits that requisite cause exists to terminate the stay.

Upon learning of non-debtor J&X, Ms. Gannon added J&X to the State Court Action and proceeded against J&X to the same extent as Ms. Gannon proceeded pre-petition against the Debtor.

There are no counterclaims in the State Court Action, and therefore the automatic stay is not implicated from that perspective. See In re: 950 Meat & Grocery Corp., 617 B.R. 224, 228 (Bankr. S.D.N.Y. 2020)("950 Meat")(the automatic stay does not apply to counterclaims brought by a debtor against another person). However, the Debtor did bring crossclaims in the State Court Action against J&X. These are not stayed, see generally Tenas-Reynard v. Palermo Taxi, 2016 WL 1276451 at *1 (S.D.N.Y. 2016)("Tenas-Reynard"), and as the docket of the State Court Action illustrates, J&X has appeared in the State Court Action and is responding to the crossclaims.

There is precedent for lifting the automatic stay to permit the State Court Action to proceed in the New York State forum. In 950 Meat, 817 B.R. at 228, 229, United States Bankruptcy Judge Stuart M. Bernstein ("Judge Bernstein") pointed out that where there are multiple parties to a pre-petition litigation, some of those parties being non-debtors, and the entirety of the controversy may be resolved in the state forum, lifting the automatic stay will promote judicial economy and assist in the resolution of all controversies presented.

As Judge Bernstein also pointed out, there is nothing that can be done about possible duplications of effort once a bankruptcy case is filed. See 950 Meat, 817 B.R. at 229. Many times, multiple litigations may result because of a bankruptcy filing. See id. That does not mean the Bankruptcy Court does not lift the stay. In many instances, lifting the stay is inevitable.

7

Some of the issues will thereafter be decided in the applicable state forum and then, there may still be issues outstanding to be decided in the bankruptcy forum. Id. at 230.

Applying these principles herein, Ms. Gannon submits this Bankruptcy Court, too, should lift the automatic stay. Doing so will allow the State Court Action to complete and then this Bankruptcy Court will better understand the nature of the creditor-debtor relationship between the Debtor and Ms. Gannon.

C. Rule Application – 11 U.S.C. §362(d)(2)

This section of the Bankruptcy Code is not implicated.

# POINT II

## THE FOURTEEN (14) DAY STAY
## PURSUANT TO RULE 4001(a)(3) SHOULD BE WAIVED

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides that an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of fourteen (14) days after the entry of the order, unless the court orders otherwise. F.R.Bankr.P. 4001(a)(3); In re Taub, 438 B.R. 39, 51 (Bankr. E.D.N.Y. 2010) ("Taub"). Rule 4001(a)(3) serves at least two purposes. The Rule provides a window of time for a party aggrieved by an order granting stay relief to take steps in response to the order, including requesting a stay pending appeal, before the order is enforced or implemented. Id. The Rule also permits a court, in its discretion, to order that it is not applicable, so that the prevailing party may proceed immediately. Id. The rule implies that the fourteen (14) day stay should not apply in circumstances where a delay after the entry of the order may create the same risk of irreparable damage that delay before the entry of the order might create. Id.

In the case at bar, Ms. Gannon submits there is no prejudice to the Debtor to be protected by the fourteen (14) day rule. This motion practice relates and pertains to the continuation of a pre-petition litigation and Debtor's cross-claims themselves are not stayed by the bankruptcy filing. Lifting the stay and waiving the fourteen (14) day stay will simply allow the parties to the State Court Action to continue along that road to completion.

Upon this foregoing, Ms. Gannon requests the 14-day stay be waived.

9

R:\Clients\2025\3000\3000.319 - Gannon\362\362-MOL - 09-15-2025.doc

# POINT III

## THE BANKRUPTCY COURT SHOULD EXTEND MS. GANNON'S TIME TO OBJECT TO THE DISCHARGEABILITY OF THE DEBT SUFFERED BECAUSE OF THE PRE-PETITION CONDUCT OF THE DEBTOR

A. Legal Standard

A creditor may make an application for an extension of the deadline to object to the dischargeability of a debt disclosed, pursuant to Fed. R. Bankr. P. 4007. See In re: John T. Kramer, 492 B.R. 366 (E.D.N.Y. 2013)("Kramer").

In general, Bankruptcy courts in the Second Circuit consider the following factors in determining whether cause exists:

> (1) whether the creditor has received sufficient notice of the deadline and information to file an objection;
>
> (2) the complexity of the case;
>
> (3) whether the creditor has exercised diligence;
>
> (4) whether the debtor has refused in bad faith to cooperate with the creditor; and
>
> (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

In re Chatkhan, 455 B.R. 365, 367-368 (Bankr. E.D.N.Y. 2011), quoting In re: Bressler, 2007 WL 98493, at *1 (Bankr. S.D.N.Y. Jan. 12, 2007); In re Gotay, 2005 WL 3789330 (Bankr. S.D.N.Y. August 30, 2005); In re: Nowinski, 291 B.R. 302, 305-306 (Bankr. S.D.N.Y. 2003).

B. Rule Application

There are bankruptcy law cases that recognize that trespassing upon another's real property and cutting down and removing their trees without permission is a non-dischargeable willful and malicious injury. See In re Brink, 333 B.R. 560 (Bankr. D. Mass. 2005). There are in the jurisprudence many cases where the interaction of trespass and unauthorized tree removal arise in the context of 11 U.S.C. §523(a)(6), but the goal is simply point out the recognition of the principle and not to litigate its factual application at this time.

More particular to this motion practice, as the record illustrates, bringing an adversary proceeding against Debtor at this time pursuant to Section 523(a)(6) is premature. Ms. Gannon does not have sufficient information to know whether she should or should not file an adversary proceeding against Debtor because the State Court Action has not concluded.

The State Court Action is a litigation that has to be resolved, the crossclaims raised therein in particular, in order to know the extent of Ms. Gannon's claim against the Debtor. The issues raised in the cross-claims are not issues that may be resolved in this forum because J&X is not a related non-debtor to the Debtor. Upon the filing of this bankruptcy case, Debtor did not act to remove the State Court Action to the federal forum.

This motion practice does not raise questions of Ms. Gannon's good faith, or the Debtor's bad faith. The record in the State Court Action illustrates the State Court Action was proceeding until the instant bankruptcy case was filed. The present questions raise concern as to how to move forward from this point preserving everyone's rights adequately. Conclusion of the State Court Action will have collateral estoppel effect on the factual issues that will have to be addressed by this Bankruptcy Court in the context of an 11 U.S.C. §523(a)(6) adversary proceeding.

11

It is for these foregoing reasons that Ms. Gannon requests an extension of time to file an adversary proceeding objecting to the dischargeability of Debtor's pre-petition obligations to Ms. Gannon. Resolution of the State Court Action will streamline how the adversary proceeding is presented in this bankruptcy forum.

**REMAINDER OF PAGE INTENTIONALLY BLANK**

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, unsecured non-priority creditor Eileen Gannon ("Creditor" or "Ms. Gannon"), by her attorney, Law Office of Ronald V. De Caprio, by Ronald V. De Caprio, Esq., requests the entry of an order:

(a) lifting the automatic stay to permit the continuation of a pre-petition action pending before the Supreme Court, State of New York, County of Rockland entitled <u>Eileen Gannon v. Syed Naqvi and J&X Tree Service and More, Inc.</u>, Index No. 031152/2024 ("State Court Action") pursuant to 11 U.S.C. §§ 362(d)(1)(2) and Fed. R. Bankr. P. 4001;

(b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

(c) extending the deadline for Ms. Gannon to object to the dischargeability of the pre-petition debt due and owing from Debtor Syed Naqvi to Ms. Gannon to a date beyond the entry of final judgment in the State Court Action;

(d) together with such other and further relief as to this Court may seem just, proper and equitable.

Dated: New City, New York
September 15, 2025



Yours, etc.

Ronald V. De Caprio, Esq.
Law Office of Ronald V. De Caprio
Attorney for Unsecured Creditor
Eileen Gannon

**END OF DOCUMENT**