| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>*In re:*<br><br>      Syed Naqvi,<br><br>                                  *Debtor.*<br>------------------------------------------------------------x | NOT FOR PUBLICATION<br><br>Chapter 13<br><br>Case No. 25-22527-DSJ |

**BENCH MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY AND EXTENSION OF TIME TO OBJECT TO DISCHARGEABILITY OF DEBT**

**APPEARANCES:**

LAW OFFICES OF ALLEN A. KOLBER
Counsel for Debtor
134 Route 59, Suite A
Suffern, NY 10901
By: Allen A. Kolber

LAW OFFICE OF RONALD V. DE CAPRIO
Counsel for Eileen Gannon
18 Laurel Road
New City, New York 10956
By: Ronald V. De Caprio


**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

      This Bench Memorandum opinion and order grants the motion of Eileen Gannon, the owner of property that neighbored Debtor's property, to lift the automatic stay and for an extension of time to object to the dischargeability of an alleged debt. The purpose of the lift-stay motion is to permit the completion of state-court litigation that was essentially trial-ready at the time Debtor commenced this bankruptcy case. The parties' dispute concerns an allegation that Debtor cut down 17 trees on Ms. Gannon's property without her consent, causing damages for

1

which she says she is entitled to treble damages under New York law. Debtor filed a third-party action against the contractor who carried out the tree removal.

Ms. Gannon also seeks an extension of time to challenge the dischargeability of Debtor's asserted debt to her, because she says she needs information that will be developed in the state-court action to determine whether to object to dischargeability.

For reasons stated below, the Court grants Ms. Gannon's motion. In brief, there is a state-court lawsuit at an advanced stage among Ms. Gannon, Debtor, and the other potentially responsible party for the allegedly improper removal of Ms. Gannon's trees. The standards recognized by case law weigh in favor of allowing Ms. Gannon to pursue her claims, and for the multiple parties involved to proceed to resolution of their entitlements by a state court that has jurisdiction over and familiarity with the parties' dispute and the applicable law. Debtor's main argument in opposition is that the estate has limited funds to satisfy any judgment obtained by Ms. Gannon, but that consideration does not overcome the recognized factors that support lifting the stay.

**BACKGROUND:**

Eileen Gannon ("Creditor") filed a motion (the "Motion") seeking relief from the stay as to 54 Eagle Valley Road, Sloatsburg, NY, in Rockland County (the "Property"), to permit the continuation of a prepetition action pending before the Supreme Court, State of NY, County of Rockland, entitled *Eileen Gannon v. Syed Naqvi and J&X Tree Service and More, Inc*., Index No. 031152/2024 (the "State Court Action") pursuant to sections 362(d)(1) and (d)(2) and Fed. R. Bankr. Pro. 4001. Creditor also requests that her time to object to the dischargeability of the prepetition debt due and owing from Syed Naqvi ("Debtor") to Creditor be adjourned to a date that is beyond the completion of the State Court Action.

Before Debtor commenced this bankruptcy case, Creditor commenced the State Court Action on March 4, 2024, against Debtor, asserting entitlement to $450,000.00 in compensation for the wrongful removal of 17 trees on Creditor's property. On May 20, 2024, Debtor commenced a third-party action against non-debtor J&X Tree Service and More, Inc. ("J&X"), contending that the damage to Ms. Gannon's property was caused by J&X and seeking $415,800 from J&X (the "Third Party Action"). Debtor did not disclose this litigation asset (meaning his potential entitlement to recovery from J&X) in his schedules or statements. On June 25, 2025, the State Court Action was stayed due to Debtor's filing of a bankruptcy petition in this Court. Creditor thereafter filed her Motion to lift the automatic stay to allow the State Court Action to continue through completion.

Creditor's motion also seeks an extension of time to object to the dischargeability of the prepetition debt allegedly due and owing to her from Debtor to a date that is beyond the completion of the State Court Action. Creditor believes the judgment in the State Court Action will resolve the scope of her claim against Debtor and may or may not include findings that will allow the Court to determine whether the prepetition obligation of Debtor is dischargeable. Creditor avers that if she is "forced to commence a non-dischargeability adversary proceeding in the bankruptcy forum before the completion of the State Court Action, [Creditor] will be litigating in this forum without the full depth of a State Court record . . . ." Mot. at ¶ 24. Creditor argues no prejudice would arise if the extension is granted because Debtor may prevail in the State Court Action and the question of non-dischargeability will no longer exist, or Debtor may not prevail in the State Court Action, and Debtor may reach a compromise or settlement with Creditor that resolves the question of non-dischargeability in this forum.

Debtor opposed the Motion, primarily arguing that there is no "cause" to lift the automatic stay because allowing the suit to resume will drain estate resources and will accomplish nothing of practical value since the estate will have limited, if any, available funds to pay unsecured pre-petition claims.

**GOVERNING LAW**

Upon the commencement of a case under the Bankruptcy Code, Section 362(a) provides a stay, applicable to all entities, of "the commencement, or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

Section 362(d) provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section … (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. §§ 362(d)(1)-(2).

In determining the existence of "cause," courts are guided by the factors enumerated in *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280 (2d Cir. 1990) (the "*Sonnax* Factors") namely "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of

action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Id.* Not all factors are relevant in every case, and the court need not assign equal weight to each factor. *See In re 950 Meat & Grocery Corp.*, 617 *B.R. 224, 228 (Bankr. S.D.N.Y. 2020)* (citing *Schneiderman v. Bogdanovich* (*In re Bogdanovich*), 292 F.3d 104, 110 (2d Cir. 2002) and *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)). In *In re 950 Meat & Grocery Corp.*, Judge Bernstein explained that when there are multiple parties to a prepetition litigation, some of whom are non-debtors, and the entire controversy may be resolved in the state forum, lifting the automatic stay will promote judicial economy and assist in the resolution of all controversies presented. *See id.*

A creditor may apply for an extension of the deadline to object to the dischargeability of a debt disclosed pursuant to Fed. R. Bankr. P. 4007. *See In re John T Kramer*, 492 B.R. 366 (E.D.N.Y. 2013). In general, bankruptcy courts in the Second Circuit consider the following factors in determining whether cause exists to extend the deadline to object to discharge: "(1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant

5

issues." *In re Chatkhan*, 455 B.R. 365, 367-68 (Bankr. E.D.N.Y. 2011) (citations omitted). Determination as to whether "cause" exists to extend deadlines for filing of nondischargeability or denial-of-discharge complaint rests within court's discretion. *See id.* at 367.

**DISCUSSION**

Here, the relevant *Sonnax* factors weigh in favor of lifting the stay, for reasons similar to those that led to Judge Bernstein's decision in *In re 950 Meat & Grocery*. The State Court Action is a multi-party dispute involving a non-debtor party and that case was far along towards final disposition before Debtor commenced this bankruptcy. The state court is best situated to complete the process of resolving the entitlements of the parties to that action. The State Court Action is uniquely able to resolve all parties' entitlements, with Ms. Gannon seeking to recover from whoever is responsible for the alleged damage to her property, with one possibly responsible party being Debtor and another the non-debtor contractor who performed the work; meanwhile Debtor and presumably the contractor will be contesting which if either of them is responsible to Ms. Gannon. The State Court Action had been ongoing for over 18 months as of the time this motion was filed, and reportedly is ripe for trial or at least essentially so. In short, continuation of the State Court Action, where all parties are present and all claims have been asserted, will promote the interests of judicial economy and the expeditious and economical resolution of the litigation. Therefore, *Sonnax* factors 1, 4, 6, 7, 10, 11, and 12 weigh in favor of lifting the automatic stay. There are no contrary considerations that outweigh the reasons to lift the say. Although Debtor may be right that ultimately the estate will have limited funds to satisfy any judgment against him, Ms. Gannon's action will fix her entitlements against both Debtor and the contractor, which may benefit estate administration. Furthermore, Ms. Gannon would suffer

severe prejudice if Debtor's bankruptcy were allowed to stymie all of her efforts to secure judicial relief for the removal of trees from her property without her consent.

With respect to Creditor's request for an extension of time to object to the dischargeability of debt, the potential collateral estoppel effect of resolution of the State Court Action weighs significantly in favor of the requested extension. Creditor correctly observes that the State Court's adjudication of the issues being litigated in the State Court Action could impact or even resolve some of the issues in this Court with respect to dischargeability. Thus, the third and fifth factor enumerated in *Chatkhan* are strongly present, in that Creditor has shown diligence and there is a substantial potential for collateral estoppel yielding greater efficiency of dispute resolution. The second factor is also present in that the case, although not terribly complex, presents issues that have been developed and can be best resolved in the State Court Action, thus avoiding the need for wasteful and duplicative litigation in this Court. And as for the fourth factor, although the Court makes no finding of bad faith, the Debtor shows no sign of meaningful or constructive engagement with Creditor in an attempt to timely resolve their dispute. The Court therefore grants the motion to extend the Creditor's time to object to the dischargeability of the Debtor's debt to a date that is 14 days after the State Court Action is resolved by a final unappealable order or by other means such as a settlement, without prejudice to further application to modify the date to which the extension will run. *See generally In re Chatkhan*, 455 B.R. at 368.

**CONCLUSION**

For the reasons stated above, the Motion is GRANTED. Creditor shall submit a proposed order on notice within seven days of issuance of this decision.

**SO ORDERED.**

Dated: New York, New York
      March 13, 2026                      *s/ David S. Jones*
                                                Honorable David S. Jones
                                                United States Bankruptcy Judge